## Architects' Certificates.

*Corporations—Architects' certificates not to be granted to—Act of July 12, 1919.*

Under the Act of July 12, 1919, P. L. 933, corporations are not entitled to a certificate of qualification as architects, as they cannot comply with the requirements of the act.

Department of Justice. Opinion to Mr. M. I. Kast, Secretary, State Board of Examiners of Architects.

BROWN, Dep. Att'y-Gen., May 15, 1924.—Your inquiries as to the right of a corporation to practice architecture in this State have been received by this department.

The Act of July 12, 1919, P. L. 933, regulates the practice of architecture in the Commonwealth. It provides that any person residing in or having a place of business in this State who, upon the date of the approval of the act, is not engaged in the practice of architecture shall, before engaging in such practice, secure from the Board of Examiners a certificate of qualification. Any person who has been engaged in such practice for at least one year prior to the passage of the act must also contain a certificate as provided by the act.

It also prescribes the preliminary education necessary for an applicant to have in order to register and for "examination in such technical and professional courses as may be established by the Board of Examiners." Many other requirements are set forth in the act, and in the last section it is made a misdemeanor to violate any of the provisions of the act.

An examination of all of its provisions clearly shows that the act contemplated natural persons only. A corporate body could not comply with what is required, because it could not show the necessary preliminary education; it could not be examined in technical and professional courses and it could not be visited with penalties prescribed for a violation of the provisions of the act, at least so far as imprisonment is concerned. "As it cannot observe the law of the State as a precedent requisite, it cannot exercise the franchise."

The general rule applicable to the learned professions is that they cannot be conducted or practiced by corporations. As defined in Words and Phrases: "An 'architect' is one skilled in practical architecture; one whose profession

4 D. & C.

### Architects' Certificates.

is to devise plans or ornamentation of buildings or other structures or to direct their construction."

By common acceptation, architecture is one of the professions and is so generally regarded.

So far as I have been able to find, the right of a corporation to conduct or to practice architecture has never been before any court for determination, but the courts have passed upon such right in the case of medicine, law and dentistry.

In reference to a corporation practicing medicine, Attorney-General Carson, in an opinion dated March 21, 1904, Attorney-General's Opinions, 1903-04, page 40, held: ". . . My better judgment tells me that this is an effort to escape from the acts of assembly which require medical examination and medical registration by those who intend to practice the medical profession. I do not think that it is competent for a corporation to practice medicine, even through duly qualified agents."

In regard to a corporation practicing law, it was laid down in 6 Corpus Juris, 569, with a citation of authorities to sustain what was laid down, as follows: "The right to practice law is not a natural or constitutional right, but is a privilege or franchise subject to the control of the legislature, and limited to persons of good moral character, with special qualifications ascertained and certified as prescribed by law. The right to practice law is not 'property,' nor in any sense a 'contract,' nor a 'privilege or immunity,' within the constitutional meaning of those terms. It cannot be assigned or inherited, but must be earned by hard study and good conduct. As these conditions cannot be performed by a corporation, it follows that the practice of law is not a lawful business for a corporation to engage in."

In In re Co-operative Law Co., 92 N. E. Repr. 15, the following principle was enunciated: ". . . The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by a state board appointed for the purpose. The right to practice law is in the nature of a franchise from the state conferred only for merit. It cannot be assigned or inherited, but must be earned by hard study and good conduct. It is attested by a certificate of the Supreme Court, and is protected by registration. No one can practice law unless he has taken an oath of office and has become an officer of the court, subject to its discipline, liable to punishment for contempt in violating his duties as such, and to suspension or removal. It is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of the courts. As these conditions cannot be performed by a corporation, it follows that the practice of law is not a lawful business for a corporation to engage in. As it cannot practice law directly, it cannot indirectly by employing competent lawyers to practice for it, as that would be an invasion which the law will not tolerate. . . .

"A corporation can neither practice law nor hire lawyers to carry on the business of practicting law for it, any more than it can practice medicine or dentistry by hiring doctors or dentists to act for it. . . ."

In passing upon the right of a corporation to practice dentistry, it was held in Com. v. Alba Dentists Co., 30 Pa. C. C. Reps. 65, 13 Dist. R. 432, as follows: "The company cannot be examined as to fitness, and, therefore, it cannot exhibit a license from the dental council to the prothonotary of the court of the county in which it desires to practice dentistry and be registered. But an examination by the applicant and the presentation of a license to practice, and

consequent registry, are statutory prerequisites to engaging in practice, and to say that a corporate body cannot be examined in respect of qualifications to practice dentistry is only saying that the Act of July 9, 1897, P. L. 206, necessarily contemplated natural persons only. If it cannot observe the law of the State as a precedent requisite, it cannot exercise the franchise. The impossibility of compliance by the company with the law of this State works its exclusion from its limits to engage in the business authorized by that law."

The same reasons set forth in the authorities above mentioned apply to the practice of architecture by a corporation. It cannot comply with the requirements of the Act of 1919, and, therefore, it is excluded from engaging in the practice authorized by that law.　　From C. P. Addams, Harrisburg, Pa.